Stephen Lewis **HENSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46325.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 9, 1974.

Jimmy Phillips, Jr., Angleton, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Busch, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of marihuana. The court assessed punishment at four years, probated.

Appellant challenges the legality of the search of his automobile and contends that the evidence is insufficient to show that he knowingly possessed the marihuana. We overrule both contentions and affirm.

Officer L. N. Beaudreaux of the Texas Department of Public Safety testified that while on patrol in Northeast Harris County he monitored a radio message by the Houston police department dispatcher. The message requested that all units be on the lookout for a white 1961 Cadillac bearing 1971 "fictitious" license plates beginning with the letters GBS and occupied by a white male who was alleged to be armed and carrying a quantity of narcotics. He further testified that he had received this message approximately ten minutes prior to seeing appellant in his vehicle in the 1200 block of Frazier River; that at the time he saw appellant's vehicle, though southbound on Frazier River, it was backing northward in the southbound traffic lane. Appellant was apparently trying to move around two stalled cars which were blocking the street. He backed several car lengths and past an intersection. He continued his testimony, stating that it was at this time that he turned on his red light and high intensity spotlight to stop the vehicle, and that he stopped the vehicle because of the "traffic violation" and what he had heard over the radio. Both he and his partner, Officer Phillip Segura, approached appellant's vehicle from different sides. Almost simultaneously other police units arrived on the scene. Appellant was instructed to get out of his vehicle and a search for weapons was conducted of his person. While searching appellant, Officer Henning noticed a syringe lying on the front seat by the driver's side and noticed an open brown bag containing several syringes. Henning also testified, "It had been my experience when I found a syringe in a vehicle there is usually other syringes plus narcotics in the vehicle." Appellant was asked if he would allow officers to search the trunk of his car. He did not say anything, but simply nodded his head up and down.

There was no objection to any of this testimony. The appellant objected to the other evidence obtained as a result of the search. Henning then testified that he removed the keys from the ignition and

opened the trunk whereupon he discovered some coffee cans containing what appeared to be marihuana seeds and two plastic bags containing marihuana stems, leaves and seeds. Subsequent chemical analysis verified that the recovered materials were marihuana. The license plates on the car belonged to another vehicle. The appellant had a Selective Service card of Larry Lee Cole and did not have a driver's license.

Appellant contends that the officers lacked probable cause and relies on Whitely v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), where Whitely's arrest was held illegal because it was based on a radio bulletin issued on the basis of an arrest warrant obtained by the sheriff in an adjoining county. He also argues that the State has failed to show a voluntary and intelligent consent to the search.

In the Whitely case, the United States Supreme Court refused to allow the arrest to stand because the complaint on which the warrant issued could not support a finding of probable cause by the issuing magistrate. In the present case a warrant was not obtained, nor was there time to have such issued. Appellant does not challenge his arrest or the search of his person; he challenges the search of the trunk of his vehicle. He did not object that no probable cause was shown. The question presented then is whether the officers were authorized to conduct a warrantless search of the trunk immediately after the search incident to his arrest.

This Court has held, with two judges dissenting, that a warrantless search of an automobile trunk is authorized if sufficient probable cause exists. Fry v. State, Tex. Cr.App., 493 S.W.2d 758. We hold that sufficient probable cause existed in the present case.

■ The record reflects that it was related in the radio bulletin that appellant was armed and carrying a quantity of narcotics. Syringes were seen in plain view

on the front seat of the car while appellant was being searched; therefore, they were subject to seizure. See Musgrove v. Eyman, 435 F.2d 1235 (9th Cir. 1971). The radio bulletin also stated that the car had fictitious license plates. This gave rise to an inference that the vehicle may have been stolen. The trial judge had sufficient facts to conclude that the officers had probable cause to believe that the vehicle was stolen and contained contraband, therefore, a warrantless search was authorized. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Fry v. State, supra.

In view of our disposition of the case, it is not necessary to pass upon the question of consent. However, see Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The Supreme Court of the United States held that while not in custody it was not necessary to advise one that he had a right to refuse consent to a search. See particularly the concurring opinion by Justice Powell discussing the exclusionary rule as applied to Fourth Amendment rights.

In McGaskey v. State, Tex.Cr.App., 451 S.W.2d 486, this Court held that whether the marihuana found in a tobacco can in a glove compartment of an automobile was in possession of the defendant was a question of fact to be determined by the jury.

■ Likewise, in the present case the question of knowingly possessing the marihuana found in the trunk was a question of fact for the jury. There was sufficient evidence for the jury to conclude that the appellant possessed it.

No reversible error being shown, the judgment is affirmed.

ODOM, Judge (concurring).

I concur in the affirmance of this case. However, I do not agree that Fry v. State, Tex.Cr.App., 493 S.W.2d 758, is controlling.

In the instant case, unlike Fry v. State, supra, there was consent to search. The evidence is undisputed that appellant "nodded his head up and down" when asked by the officers if he would allow them to search the trunk of his car. Therefore, the appellant, having consented to the search, cannot now complain. Cf. Stephenson v. State, Tex.Cr.App., 494 S.W.2d 900; DeVoyle v. State, Tex.Cr.App., 471 S.W.2d 77. See also Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L. Ed.2d 854.

I concur.

ROBERTS, J., joins in this concurrence.