Esther Cisneros MAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00687–CVR.

Court of Appeals of Texas,
San Antonio.

Sept. 11, 1991.

Armando Barrera, Alice, for appellant.

Joe Mike Pena, Alice, for appellee.

Before BUTTS, BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

Esther Cisneros Mar, appellant, was convicted in a nonjury trial for possession of twenty-three pounds of marijuana and sentenced to ten years' confinement. The nonjury trial included litigation of Ms. Mar's motion to suppress based upon an improper search. The motion to suppress was overruled; however, Ms. Mar does not complain of the denial of her motion to suppress. She does challenge the sufficiency of the evidence to prove her knowing and intentional possession of the contraband. We sustain the point and reverse the judgment of conviction.

 The standard of review for sufficiency of the evidence questions in both direct and circumstantial evidence cases is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 329, 99 S.Ct. 2781, 2794, 61 L.Ed.2d 560 (1979); *Valdez v. State*, 776 S.W.2d 162, 165 (Tex.Crim.App. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2575, 109 L.Ed.2d 757 (1990). The appellate court does not weigh the evidence or evaluate the credibility of the witnesses. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). The trier of fact resolves any conflicts in the evidence, determines the weight to be given any particular piece of evidence, and evaluates the credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant; proof which amounts only to a strong suspicion or mere probability of guilt is insufficient to support a conviction. *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987).

 The elements of the offense to be established by the State are: 1) the accused exercised care, custody, management or control of the contraband; and 2) the accused knew the substance possessed was contraband. *Johnson v. State*, 658 S.W.2d 623, 627 (Tex.Crim.App.1983). Possession means more than being where the action is, it involves the exercise of dominion and control over the thing allegedly possessed. *Humason*, 728 S.W.2d at 365. The evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that she exercised control over it. *Dubry v. State*, 582 S.W.2d 841, 843 (Tex.Crim.App. [Panel Op.] 1979). Both prongs of the test must be met. "Examples of the kind of additional facts and circumstances which can indicate knowledge and control when an accused is in a *vehicle* usually involve a combination of facts, e.g. *Deshong v. State*, 625 S.W.2d 327 (Tex.Crim.App.1981), (marihuana in open or plain view, marihuana conveniently accessible to the driver, and the driver shown to be the owner of the car); *Duff v. State*, 546 S.W.2d 283 (Tex.Crim.App.1977), (a strong odor of marihuana in the car, either recently smoked or raw, contraband found on the accused, or the accused under the influence of marihuana, and conflicting stories as to who controlled the car)." *Marsh v. State*, 684 S.W.2d 676, 680 (Tex. Crim.App.1984).

 In the present case, the record reflects that Esther Mar was travelling north on Highway 281 through Brooks County, having begun her journey in Brownsville, Texas, in route to San Antonio, Texas with her twelve-year old daughter and thirteen-year old nephew. DPS trooper Daniel Pena testified that he observed Ms. Mar driving a 1973 Ford on the shoulder of the highway and travelling at the rate of 59 mph in a 55 mph zone. Upon stopping appellant and approaching the vehicle, Trooper Pena testified that because of his

prior experience in drug related arrests he was able to recognize the odor of unburned marihuana emanating from the trunk of the vehicle. He further testified that Ms. Mar consented to the opening of the trunk, whereupon Trooper Pena observed a spare tire which he thought to be filled with marihuana. The subsequent search of the tire confirmed the officer's suspicions.

At trial, it was established that the vehicle was not owned by Ms. Mar, but rather was owned by her brother. Ms. Mar gave up her right to remain silent and testified at trial denying any knowledge of the presence of the marihuana in the trunk. Even though Ms. Mar was thoroughly cross-examined by the State, no questions were asked nor was any other evidence presented concerning Ms. Mar's ability or inability to recognize the odor of raw marihuana. Further, the record reflects that no marihuana was found on Ms. Mar's person, she was not shown to be under the influence of marihuana, there was no evidence that she made any furtive gestures to the contraband or made any incriminating statements, and she did not attempt to escape. *See Meeks v. State*, 692 S.W.2d 504, 510 (Tex.Crim.App.1985).

Thus, we seem to have a situation very similar to that presented in *Reyes v. State*, 575 S.W.2d 38 (Tex.Crim.App. [Panel Op.] 1979) and *Armstrong v. State*, 542 S.W.2d 119 (Tex.Crim.App.1976). In both of these cases, the State relied heavily on the evidence of odor of marihuana. However, the convictions were reversed on sufficiency of the evidence grounds because the Court of Criminal Appeals recognized that while police officers may have acquired the skill of detecting the odor of marihuana through narcotic investigations, there was no evidence that the defendants knew the smell of marihuana and such expertise may not be presumed. *Reyes*, 575 S.W.2d at 40; *Armstrong*, 542 S.W.2d at 120. Additionally in *Reyes*, the court noted that there was not a partition between the passenger compartment and the rear of the vehicle where the marihuana was found, whereas in the instant case, the marihuana was found in the trunk and presumably, there was the traditional partition between the trunk compartment and the passenger compartment of the vehicle involved.

The State relies on *Long v. State*, 532 S.W.2d 591 (Tex.Crim.App.1975), *cert. denied*, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 179 (1976), to establish the necessary affirmative links to support the conviction. In *Long*, the evidence indicated the appellant had a key to the house in which the marihuana was found.[1] *Long*, 532 S.W.2d at 594. The appellant was placed under surveillance and was observed entering and leaving the house on several occasions, locking and unlocking the door each time. He was also observed entering and leaving a bus located approximately thirty to thirty-five feet from the house and was observed moving a two-wheel trailer off the property and returning it at a later time. The marihuana was found in the house and bus, and on the trailer. *Id.* The record also reflected that the property was under surveillance at all times, and no other party had control of the house or vehicles. In contrast, Ms. Mar was driving her brother's car, and although she had a key to the trunk, no evidence was presented that she had exclusive control over the trunk.

While we agree that the circumstances of the case raised serious suspicions about Ms. Mar, the only significant affirmative link seems to be the odor of raw marihuana. Given the *Armstrong* and *Reyes* cases from the Court of Criminal Appeals, we hold that the State did not meet its burden of proving the requisite affirmative links.

Accordingly, the point of error is sustained. The judgment of the trial court is reversed. The case is remanded for an order of acquittal. *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978).

---

**1.** The State relies, in the instant case, on the fact that Ms. Mar likewise had the key to the trunk of the car as the defendant in *Long* had a key to the house.