NUMBER 13-99-573-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


TERRENCE GASKIN
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Hill(1)


Opinion by Justice Hill



 Terrence Gaskin appeals his conviction by a jury of the offense of
possession of marijuana in an amount of 50 pounds or less but more
than 5 pounds.(2) The jury assessed his punishment at ten years in the
Texas Department of Criminal Justice, Institutional Division, and a fine
of $8,600, and recommended that he be placed on community
supervision. The trial court, acting in accordance with the jury's
recommendation, placed appellant on community supervision for ten
years. Appellant, in three issues, contends that the evidence is legally
and factually insufficient to support his conviction, and that his counsel
was ineffective for failing to properly preserve error concerning an
improper argument by the prosecutor.

 We affirm because the evidence is legally and factually sufficient
to support the conviction and because the record is insufficient to
overcome the presumption that appellant's counsel's failure to seek a
mistrial was part of a strategic plan. 

 Appellant urges in the first issue that the evidence is legally
insufficient to support his conviction. In evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have
found the elements of the offense beyond a reasonable doubt. See
Ovalle v. State, 13 S.W.3d 774, 777 (Tex. Crim. App. 2000). In the case
of the unlawful possession of a controlled substance, the State must
prove that the accused exercised care, control, and management over
the contraband. See Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim.
App. 1986). The control need not be exclusive, but can be jointly
exercised with one or more persons. Id. However, when an accused
is not in exclusive possession of the place where the contraband is
found, it cannot be concluded that the accused had knowledge of or
control over the contraband unless there are additional independent
facts and circumstances that affirmatively link the accused to the
contraband. Id.

 Appellant and his wife were stopped at a border checkpoint while
they were returning to Houston from a weekend trip to the Rio Grande
Valley. They were driving a rental car that had been rented for two
weeks by appellant's stepfather. A K-9 dog alerted on their car. After
the border patrol agent had allowed the dog to follow the scent to its
source, the officer questioned appellant about the vehicle's ownership. 
Appellant told the officer that he had rented the vehicle in Houston at
the airport. When the officer asked appellant where he had come from
and where he was going, Appellant told him that they were on their
way back to Houston from shopping in the Valley. He said they had just
come down for the day.

 When the officer asked for his consent to have a further inspection
in a secondary lane reserved for that purpose, appellant asked if he had
not already done that. This left the officer with the impression that he
did not want to be inspected. He hesitated before answering, but gave
his consent. Appellant opened the trunk at the officer's request, causing
the officer to notice that there were no shopping bags located there. 
While Appellant and his wife waited near the door of the checkpoint,
the officer and his dog continued their inspection of the vehicle. The
dog alerted on the rear quarter panel of the driver's side of the car.

 The officer noticed a screw on the floor behind the driver's seat. 
There was nothing on top of the screw, which appeared to be the type
of screw that holds the interior covers to the quarter panel area. The
officer proceeded to remove the seats. In order to do so, he had to go
to the panel where the screw was missing, remove the rest of the
screws, and pull the panel back. At that point, there were bundles of
marijuana that were clearly visible. There were thirteen bundles in all,
weighing forty-three pounds. 

 The officer indicated that appellant appeared to be in a hurry to
leave the checkpoint. He said that appellant's responses were quick,
and that usually indicates the individual is in a hurry. Apparently, after
the officer expressed surprise at the appellant and his wife coming all
the way to the Valley for one day of shopping, appellant told him that
initially they had come down to look at a condominium to buy. 
Appellant told him that the condominium was too expensive, so they
just shopped and returned to Houston. 

 The officer testified that there was no obvious smell of marijuana. 
He said the appellant and his wife said they had been shopping, but did
not say they had bought anything. The officer indicated that he
stopped them at about 8:30 p.m. and that if they had not been stopped
and continued on to Houston they would not have arrived until 1 or
1:30 a.m. He related that the border patrol officers did not take any
fingerprints, and, in fact, put their own fingerprints all over the bundles
when they moved them. 

 An officer with the Kleberg County Sheriff's Department identified
several items that were found in the car, including the rental agreement,
a receipt for a gasoline purchase in Houston, a newspaper ad for an IRS
consultant for those with IRS problems, and a receipt for a motel in
McAllen. The gasoline receipt was shown to be issued at about 5:10
p.m. in Houston on the day before appellant's arrest. The motel receipt
showed that the name of the person renting the motel room was
Harrison Johnson.

 Linda Peterson, appellant's mother, testified that she and
appellant's stepfather had recently moved to Houston. She said that
she and her husband had rented the car in question to help the family
get to their various jobs. Her testimony indicated that she suggested
that Gaskin and his wife take the rental car because their car had bad
brakes, perhaps because they were beating it up by driving it. She
stated that she did that, even though her son was not authorized to
drive the rental car. She also mentioned that her son had a quirk of
signing someone else's name to motel rental slips. 

 Appellant testified as to how he had wanted to leave for South
Padre Island either on Friday or early on Saturday afternoon, but that
they did not get away until about 5:00 p.m. on Saturday. He said that
since they were getting in so late, he did not go to South Padre Island
because there was no reason to pay $175 for a hotel room. He
indicated that since the hotel they had stayed in before in Harlingen
was full, they rented a motel room in McAllen. He admitted signing the
name Harrison Johnson to the motel receipt. He could not say why he
did it, other than that it was something he had always done. 

 Appellant testified that on Sunday afternoon he and his wife went
to the mall and just looked around. He indicated that they went from
there to South Padre Island. He said that after he remembered a condo
that he wanted to show his wife, they went by the condo around 7:00
p.m., knocked on the door, and inquired as to the price. He stated that
the man who answered the door told him it was for sale for $200,000. 
He related that, having formerly sold encyclopedias, he saw nothing
wrong with knocking on someone's door at 7:00 p.m. He indicated that
he might have made an appointment instead of just knocking on the
door, but that he was not seriously interested in purchasing the condo
at that point. According to appellant, the condo was one of three
separate townhouses, and there was no name of a complex posted. 
Appellant denied that he knew anything at all about the marijuana or
how it got in the car.

 Antoinette Gaskin, appellant's wife, testified that she was asleep
until they got to the motel in McAllen. She also told of going to the mall
at McAllen the next day before going and stopping at the condo in
South Padre Island. She denied knowing that the marijuana was in the
car. 

 We hold that the evidence is legally sufficient to support
appellant's conviction because the evidence presented is sufficient to
show an affirmative link between appellant and the marijuana found in
the vehicle. See Granados v. State, 843 S.W.2d 736, 740 (Tex. App. --
Corpus Christi 1992, no pet.). 

 Appellant relies primarily upon the cases of Dixon v. State, 918
S.W.2d 678 (Tex. App. -- Beaumont 1996, no pet.) and Mar v. State,
814 S.W.2d 898 (Tex. App. -- San Antonio 1991, pet. ref'd). We find
both of those cases distinguishable. In Dixon, the court found that the
evidence was legally insufficient to support Dixon's conviction for
possession of marijuana. Dixon, 918 S.W.2d at 682. Dixon was a
passenger in the vehicle. Id. at 679. Dixon was extremely nervous, his
breathing was rapid, his hands were shaking, and he would not make
eye contact. Id. at 680. Officers found marijuana inside a speaker
located in the automobile's trunk. Id. Statements of the driver and
Dixon differed as to whom they were going to visit. Id. at 681. There
was no luggage, although they said their trip was a three-day trip. Id. 
As in this case, the car was borrowed. Id. There was no evidence that
any of the trunk's contents belonged to Dixon or that he had access to
the trunk. Id. In the case at bar, Appellant was the driver of the car,
not a passenger, who could have accessed the compartment where the
marijuana was located. 

 In Mar, the defendant was driving a vehicle owned by her brother
when marijuana was discovered in the spare tire in the trunk. Mar, 814
S.W.2d at 900. In that case there was an odor of marijuana present,
but no showing that Mar would recognize the smell. Id. at 899-900. 
The opinion reflects no indication of any suspicious activities on Mar's
part. Id. at 900. In this case, Appellant's activities were suspicious.
Appellant and his wife left Houston for a trip to South Padre Island, a
trip of approximately 362 miles, after 5:00 p.m. on a Saturday evening. 
Rather than going to South Padre Island, they went first to McAllen, a
city approximately 73 miles from their original destination. Appellant
registered at the motel with a false name. Appellant and his wife
differed as to whether they got up the next morning or the next
afternoon. One of their reasons for staying in McAllen was to go
shopping at the mall. They shopped there, but did not buy anything at
all. Appellant appeared to be in a hurry and reluctant to submit to a
search at the border patrol check point. We overrule appellant's
contention in issue one.

 Appellant urges in issue two that the evidence is factually
insufficient to support his conviction. In determining the factual
sufficiency of the evidence, we must view all the evidence in a neutral
light and set aside the verdict only if it so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We are to review the
evidence weighed by the jury that tends to prove the existence of the
elemental fact in dispute and compare it with the evidence that tends
to disprove that fact. Id. Considering the testimony that we have
previously discussed, and finding that the jury's verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust, we overrule appellant's contention in issue two. 

 Appellant urges in issue three that he received ineffective
assistance of counsel because his counsel, when objecting to an
improper argument of the prosecutor, failed to ask for an instruction to
disregard or for a mistrial. The review of defense counsel's
representation at trial is highly deferential. Tong v. State, 25 S.W.3d
707, 712 (Tex. Crim. App. 2000). We engage in a strong presumption
that counsel's actions fall within the wide range of reasonably
professional assistance. Id. It is an appellant's burden to overcome the
presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Id. 

 After making objection to the improper argument, defense counsel
stated that she did not wish to request a mistrial but requested an
instruction to the prosecutor that he not express his personal beliefs. 
The trial court sustained the objection and instructed the prosecutor to
refrain from projecting his personal beliefs. The record is silent as to
why counsel did not request a mistrial. The record is therefore
insufficient to overcome the presumption that counsel's action was part
of a strategic plan. Id. at 714. We overrule appellant's contention in
issue three. 

 The judgment is affirmed. 

 ______________________________

 JOHN HILL,

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 15th day of February, 2001. 

1. Retired Justice John Hill assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. Tex. Health & Safety Code Ann. § 481.121(b)(4) (Vernon Supp.
2001).