NUMBER 13-06-589-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


STEVEN McCOMMAS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court 

of Kleberg County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and VelaMemorandum Opinion by Justice Vela


 A jury convicted appellant, Steven McCommas, of possessing between five and
fifty pounds of marihuana, a third-degree felony. (1) Punishment, enhanced by a prior
felony conviction, (2) was assessed by the jury at ten years in prison. Appellant's
counsel has filed an Anders brief in which he stated that after reviewing the record,
he perceived two issues for review but rejected both as arguable grounds for reversal. 
The issues are: (1) whether the evidence is factually sufficient to support the
conviction; and (2) whether the trial court erred by denying the requested lesser-included offense instruction. After thoroughly reviewing the record, we agree that the
appeal is frivolous and affirm.

I. Facts


 Shortly before midnight on May 10, 2006, appellant and a female passenger
arrived at the Sarita checkpoint in a Chevy Cavalier. Two border patrol agents, Ben
Wilson and Juan Ayala, were on duty to inspect the vehicles passing through the
checkpoint. While Wilson questioned appellant and his passenger about their
citizenship, Ayala used a drug-sniffing dog to perform a free-air, non-intrusive
inspection of the Cavalier. Wilson testified that after the dog alerted to the Cavalier,
he asked appellant "if it would be all right if we took a closer look at the vehicle[,] and
he agreed . . . ." Wilson's inspection of the Cavalier turned up a black duffle bag on
the back seat. 

 After finding the bag, Wilson read appellant his Miranda rights. Appellant
waived them and agreed to give Wilson a voluntary statement. When the prosecutor
asked Wilson, "Did he [appellant] make any statements to you after you read him the
Miranda rights?," Wilson replied, "He admitted that the narcotics found in the back of
his car were his."

 On cross-examination, Wilson testified that he found marihuana in the black
duffle bag. When the prosecution asked Wilson on redirect, "[W]hat was the weight
of the marijuana that was seized?," he replied, "Twelve pounds." No objection was
lodged to that reply. At that point, the prosecution passed the witness. On re-cross,
counsel showed that Wilson did not weigh the marihuana.

 Robert Gonzalez, a Kleberg County sheriff's officer, took custody of the
marihuana found in the duffle bag. He read appellant his Miranda warnings, and
appellant gave him a voluntary, written statement. The State offered this statement
in evidence, which stated, in relevant part:

 On the 10 day of May, I asked Maria to pick me up to take me to
see a relative. Her being a good-hearted faithful girl said yes. I grabbed
my "duffel" bag containing ten pounds of marihuana. [sic] I honestly can
say my girlfriend Maria Moreno knew nothing. This is all my doing. She
picked me up and I placed my bag in the back seat containing a little of
my personal property and then I kicked Maria out of the driver seat. She
didn't know anything of this nature and would not allow it. I would like
for this to be taken into consideration on behalf of Maria Moreno. I did it.
. . ."


II. Discussion



A. Factual Sufficiency of the Evidence


 By issue one, appellant's counsel addresses the factual sufficiency of the
evidence to support appellant's conviction. He urges as a possible ground for appeal 
that the evidence was factually insufficient because the State failed to offer evidence
concerning either the weight of the marihuana or that it was a usable quantity. 
Further, he suggests that appellant's written statement is the only evidence of the
weight of the marihuana and that his extrajudicial statement alone is insufficient to
support a conviction. See Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App.
1994). Yet he concludes this is not an arguable ground for appeal, and we agree.

 When reviewing the factual sufficiency of the evidence, we view all the
evidence in a neutral light, favoring neither party. Watson v. State, 204 S.W.3d 404,
414 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App.
2005). We will set the verdict aside only if: (1) the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the fact-finder's
determination is clearly wrong and manifestly unjust; or (2) the verdict is against the
great weight and preponderance of the evidence. Watson, 204 S.W.3d at 414-15,
417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 

 We cannot conclude a conviction is "clearly wrong" or "manifestly unjust"
simply because we would have voted to acquit. Watson, 204 S.W.3d at 417. In
other words, we may not simply substitute our judgment for the fact-finder's
judgment. Johnson, 23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997). To reverse for factual sufficiency, we must determine, with some
objective basis in the record, that the great weight and preponderance of the evidence
contradicts the verdict. Watson, 204 S.W.3d at 417. In examining a factual
sufficiency challenge, we defer to the fact-finder's determination of the credibility of
the evidence. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

 The essential elements required to prove possession of marihuana are: (1) the
accused exercised care, custody, management, or control of the contraband; and (2)
the accused knew the substance possessed was contraband. Tex. Heath & Safety
Code Ann. § 481.121(a) (Vernon 2003); Mar v. State, 814 S.W.2d 898, 899 (Tex.
App.-San Antonio 1991, no pet.). Possession of fifty pounds or less but more than
five pounds of marihuana is a third-degree felony. Tex. Health & Safety Code Ann.
§ 481.121(b)(4) (Vernon 2003).

 In this case, a rational jury could have determined the following from the
evidence: (1) appellant and a passenger arrived at the Sarita checkpoint in a Chevy
Cavalier; (2) a drug-sniffing dog alerted to the Cavalier; (3) agent Wilson found a black
duffle bag on the car's back seat; (4) appellant admitted that the duffle bag belonged
to him; (5) Wison found marihuana in the duffle bag; (6) Wilson testified, without
objection, that the marihuana weighed twelve pounds; and (7) in his written
statement, appellant stated he had ten pounds of marihuana. Appellant showed that
Agent Wilson did not personally weigh the marihuana.

 The common-law corpus delicti rule holds that no criminal conviction can be
based on a defendant's extrajudicial confession unless the confession is corroborated
by independent evidence tending to establish the corpus delicti. Williams v. State, 958
S.W.2d 186, 190 (Tex. Crim. App. 1997); Fisher v. State, 851 S.W.2d 298, 302,
(Tex. Crim. App. 1993). The rule does not require that the independent evidence fully
prove the corpus delicti, only that it tends to prove the corpus delicti. Fisher, 851
S.W.2d at 303. The corpus delicti of any crime simply consists of the fact that the
crime in question has been committed by someone. Id.

 Here, appellant stated in his extrajudicial confession that the marihuana weighed
ten pounds. Agent Wilson testified, without objection, that the marihuana weighed
twelve pounds. Accordingly, we find that this independent evidence corroborated
appellant's extrajudicial confession that he possessed at least ten pounds of
marihuana. Based on a neutral review of all the evidence, we conclude that the
evidence is not so obviously weak or so greatly outweighed by contrary proof that it
would not support the finding of guilty beyond a reasonable doubt. See Watson, 204
S.W.3d at 414-17. We agree that this is not an arguable ground for appeal.

B. Lesser-Included Offense

 By issue two, appellant raises the issues of whether the trial court erred in not
submitting the lesser-included offense of misdemeanor possession of marihuana-
possession of an amount not more than five pounds but more than four ounces. 
Courts apply a two-step test when assessing whether to give a charge on a
lesser-included offense. Pickens v. State, 165 S.W.3d 675, 679 (Tex. Crim. App.
2005). In Hall v. State, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2005), the court
stated:

 The first step in the lesser-included-offense analysis, determining
whether an offense is a lesser-included offense of the alleged offense, is
a question of law. It does not depend on the evidence to be produced at
the trial. It may be, and to provide notice to the defendant must be,
capable of being performed before trial by comparing the elements of the
offense as they are alleged in the indictment or information with the
elements of the potential lesser-included offense.


 The evidence adduced at trial should remain an important part of
the court's decision whether to charge the jury on lesser-included
offenses. The second step in the analysis should ask whether there is
evidence that supports giving the instruction to the jury. "A defendant
is entitled to an instruction on a lesser-included offense where the proof
for the offense charged includes the proof necessary to establish the
lesser-included offense and there is some evidence in the record that
would permit a jury rationally to find that if the defendant is guilty, he is
guilty only of the lesser-included offense." In this step of the analysis,
anything more than a scintilla of evidence may be sufficient to entitle a
defendant to a lesser charge. In other words, the evidence must
establish the lesser-included offense as "a valid, rational alternative to the
charged offense."

Id. (citations omitted). 

 Applying the first step of the lesser included-offense analysis to this case, we
do not consider the evidence that was presented at trial. See id. at 536. Instead, we
consider only the statutory elements of third-degree possession of marihuana as they
were modified by the particular allegations in the indictment. Id. The essential
elements required to prove possession of marihuana are: (1) the accused exercised
care, custody, management, or control of the contraband; and (2) the accused knew
the substance possessed was contraband. Tex. Heath & Safety Code Ann. §
481.121(a) (Vernon 2003); Mar v. State, 814 S.W.2d 898, 899 (Tex. App.-San
Antonio 1991, no pet.). Possession of fifty pounds or less but more than five pounds
of marihuana is a third-degree felony. Tex. Health & Safety Code Ann. §
481.121(b)(4) (Vernon 2003). The indictment alleged, in relevant part, that appellant,
"on or about May 11, 2006 in KENEDY County, Texas, did then and there intentionally
and knowingly possess a usable quantity of marihuana in an amount of fifty pounds
or less but more than five pounds. . . ."

 Next, we compare the statutory elements of third-degree possession with the
elements of the lesser offense of misdemeanor possession that could be included in
the charged offense of felony possession. Hall, 225 S.W.3d at 536. The same
elements apply, only the amount of the marihuana actually possessed is different. If
the amount is less than five pounds, then the offense is a misdemeanor.

 Our final task in analyzing the first step is to ask the question that article
37.09(1) of the Texas Code of Criminal Procedure poses: are the elements of the
lesser offense "established by proof of the same or less than all the facts required to
establish the commission of the offense charged?" Hall, 225 S.W.3d at 536. The
answer is yes. Clearly, possession of five pounds or less but more than four ounces
of marihuana or any amount less than that alleged in the indictment would be a lesser-included offense under Article 37.09 and the recent Hall decision.

 Applying the second step of the lesser-included offense analysis to this case,
we ask whether there is evidence that supports giving the instruction to the jury. Hall, 
225 S.W.3d at 536. We conclude that the trial court did not err in denying the
request for a lesser-included offense jury instruction. A defendant is entitled to an
instruction on a lesser-included offense when the proof for the offense charged
includes the proof necessary to establish the lesser-included offense, and there is some
evidence in the record that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser-included offense. Id. In this step of the
analysis, anything more than a scintilla of evidence may be sufficient to entitle a
defendant to a lesser charge. In other words, the evidence must establish the
lesser-included offense as "a valid, rational alternative to the charged offense." Id.

 Although Agent Wilson did not personally weigh the marihuana, there is no
evidence that the weight was less than five pounds. Wilson testified that the weight
of the marihuana was twelve pounds. Further, appellant confessed that he had ten
pounds of marihuana in his duffle bag. In denying the request for the lesser-included
offense instruction, the trial court properly recognized that appellant was not entitled
to a lesser included offense: "Well, if there was any disagreement, the evidence
showed that disagreement is between 10 and 12 pounds. That's certainly more than
five pounds."

 A review of the record shows that there was contradictory evidence about the
weight of the marihuana. However, the contradiction was between ten and twelve
pounds. This amount is more than five pounds. There is no evidence in the record
that if appellant was guilty, he was guilty of only possessing less than five pounds of
marihuana. Thus, the trial court did not err in refusing the lesser-included offense of
misdemeanor possession of marihuana. We overrule the second issue.

Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has
concluded that there is nothing that merits review on direct appeal. Anders v.
California, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of
Anders. Id. at 744-45; see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
[Panel Op.] 1978). In compliance with Anders, counsel presented a professional
evaluation of the record and referred this Court to what, in his opinion, are all issues
which might arguably support an appeal. See Anders, 386 U.S. at 744; Currie v.
State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at
812. Counsel informed this Court that: (1) he had diligently read and reviewed the
record and the circumstances of appellant's conviction; (2) he believes that there are
no arguable grounds to be advanced on appeal; and (3) he forwarded to appellant a
copy of the brief filed in support of his motion to withdraw with a letter informing
appellant of his right to review the record and to file a pro se brief. See Anders, 386
U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App.
1991); High, 573 S.W.2d at 813. 

Independent Review

The United States Supreme Court advised appellate courts that upon receiving
a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings
to decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80
(1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003,
no pet.). Accordingly, we have carefully reviewed the record and have found nothing
that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826
(Tex. Crim. App. 2005); Stafford, 813 S.W.2d at 509. We agree with counsel that
the appeal is wholly frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28
("Due to the nature of Anders briefs, by indicating in the opinion that it considered the
issues raised in the briefs and reviewed the record for reversible error but found none,
the court of appeals met the requirements of Texas Rule of Appellate Procedure
47.1."). Accordingly, we affirm the judgment of the trial court. 

Motion to Withdraw

 An appellate court may grant counsel's amended motion to withdraw in
connection with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex.
Crim. App. 1971); Stafford, 813 S.W.2d at 511 (noting that Anders brief should be
filed with request to withdraw from case). We grant counsel's amended motion to
withdraw. We order counsel to advise appellant promptly of the disposition of the
case and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d
25, 27 (Tex. Crim. App. 1997) (per curiam). 

 The trial court's judgment is affirmed. 

 

 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 23rd day of August, 2007.
1. See Tex. Health & Safety Code Ann. § 481.121(b)(4). 
2. See Tex. Penal Code Ann. § 12.42(a)(3).