SARAGOSO OROSCO V. STATE

No. 28,621. January 2, 1957.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) February 13, 1957.

*Robert Fagan,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of marihuana, a narcotic drug; the punishment, two years in the penitentiary.

The state's evidence shows that Officers Pringle and McNellis, after observing an automobile parked in the 1300 Block of North Shoreline in the city of Corpus Christi, proceeded to the car for the purpose of arresting the occupants, who, they believed, were engaged in a fight. When the officers arrived, the appellant was seated on the right rear seat and his brother, Baldemar Orosco, the owner of the automobile, was seated in front on the driver's side, with Moses Villarreal, the third occupant of the car. Officer McNellis proceeded to search the automobile and in the search found a package rolled up in a newspaper on the front floor board which, the evidence showed, contained approximately one pound of bulk marihuana and also some cigarette papers. The automobile was again searched at the police station by Narcotic Officer Ray Lamp'l, who testified that he found loose particles of a substance all over the front seat, the floor boards, and also in the rear seat on the right-hand side, which particles, the evidence shows, were marihuana. He further testified that, in the search, he found cigarette papers scattered in the front and back of the automobile. A search of the appellant and his companions after their arrest did not reveal any marihuana on the appellant, but particles of marihuana were found in the pockets of the appellant's brother.

Lt. W. T. Jackson, officer in charge of the narcotic squad, testified that he had observed many people under the influence of narcotic drugs, particularly marihuana, and that "marihuana is classed as an intoxicant." He further testified that, from his observation of the appellant's personal appearance after his arrest, the appellant was, in his opinion, "under the influence of an intoxicant;" and, in substance, that the appellant's condition was from the use of marihuana.

As a witness in his own behalf, appellant testified that, prior to their arrest, he, his brother and Villarreal had come to Corpus Christi from Port Aransas, in his brother's automobile, and had drunk some beer and whiskey; that he had nothing to do with the marihuana; that he saw the package when the officer took it out from under the seat of the car, but that he had never had it in his possession; and that, while in jail, Villarreal told him that he (Villarreal) was guilty and was going to plead guilty.

We shall discuss the contentions presented by the appellant in his brief and in oral argument.

Appellant's first contention is that the court erred in ad-

mitting evidence showing search of the automobile and the fruits thereof, over his objection that the search was illegal because the officers did not have a warrant for his arrest or a search warrant.

Appellant is in no position to complain of the search of the automobile belonging to his brother. Smith v. State, 159 Texas Cr. Rep. 271, 262 S.W. 2d 723; and Barnes v. State, 161 Texas Cr. Rep. 510, 278 S.W. 2d 305.

Appellant next complains of the action of the court in permitting Lieutenant Jackson to testify relative to the amount of marihuana which goes into an ordinary marihuana cigarette, over his objection that there was "nothing in the evidence about cigarettes." Under the evidence showing that there were cigarette paper in the package of marihuana and also in the automobile, both in the front and back, appellant's objection was not well founded and no error is shown in the admission of such testimony.

The court, in his charge, instructed the jury on the law of principals, and, in applying the law to the facts, authorized the jury to convict the appellant if they believed beyond a reasonable doubt that he, "either alone or acting together as a principal," possessed the marihuana.

Appellant insists that the evidence is insufficient to sustain the jury's verdict because it fails to connect him with the marihuana and fails to show that he exercised any control over the same or that there was any common purpose or design shown in the case.

The testimony showing appellant's presence in the automobile in which the package of marihuana was found, together with the testimony that he was under the influence of marihuana and that particles of marihuana were on the seat of the automobile on the same side where he was seated, was, in our opinion, sufficient to show that he and his companions jointly possessed the marihuana, and supports the jury's verdict finding him guilty.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.