Thomas J. McGASKEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 42498.

Court of Criminal Appeals of Texas.

March 11, 1970.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Allen Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for the possession of a narcotic drug, to-wit, marihuana; the punishment, five years.

The sufficiency of the evidence is challenged.

 Officer Arredondo, a witness for the state, testified that he approached the appellant who was alone and sitting under the steering wheel of an automobile and asked him to step out; that on searching the automobile he found in the glove compartment a Prince Albert tobacco can containing a green leafy substance which in his opinion was marihuana, and it was sufficient to make many cigarettes.

Chemist McDonald testified that an analysis of the substance in the tobacco can revealed that it was marihuana, a narcotic drug; and that there were almost seventeen grams of the marihuana which was sufficient to make eighty or ninety cigarettes.

The record reveals that Officer Arredondo received reliable information from a credible person at the scene that the appellant possessed a pistol, and upon a search of the appellant and the car he failed to find a pistol, but found the can containing marihuana. Immediately before the introduction of this testimony, the appellant informed the court that he had no objection thereto; and that possession would become a fact issue for the jury.

The appellant did not testify and only recalled Officer Arredondo as a witness.

The evidence is sufficient to support the conviction; the second ground of error is overruled.

The first ground of error is that the trial court permitted the state to develop testimony of the effect marihuana has on the body and whether it is habit-forming.

Chemist McDonald testified that the use of marihuana is habit-forming, acts as a central nervous system depressant, and causes a total obliteration of a person's inhibitions, and at the same time it causes certain types of hallucinations which result in rather bizarre activity.

The motion to strike the last portion of the above testimony was sustained and the jury instructed not to consider it for any purpose.

To the admission of the first portion of said testimony, the appellant objected because he was charged only with the possession of marihuana and not with the effect it has on the human body. This objection was overruled.

The appellant first proved that he was arrested and charged with being drunk at the scene. Next, the state proved by Officer Arredondo that from his experience he was able to tell that appellant was intoxicated from alcohol and not narcotics. However, he testified that he did not smell alcohol on or about the appellant and did not find any on him or in the car. The ownership of the car was not shown. Officer Arredondo testified that he did not know who parked the car or when it was parked at the scene; and he did not recall whether he got the key to the car off of the appellant or whether it was in the ignition.

If the appellant was intoxicated from the use of marihuana which was, under the record, available to him, it could be a factor in linking him with and bearing on his possession of the marihuana.

■ Whether the marihuana found in the tobacco can in the glove compartment of the automobile was in the possession of the appellant was a question of fact to be determined by the jury from the evidence.

■ Proof of any fact may be shown by circumstantial evidence.

■ From the facts and circumstances surrounding the arrest, and the evidence pertaining to the intoxication of the appellant, it is concluded that no reversible error is shown. The first ground of error is overruled.

The next ground of error complains of the granting of the state's motion to re-open the evidence.

The record fails to reveal that any evidence was introduced after the motion to re-open was granted. The proceedings seeking to introduce further evidence do not reveal error.

The judgment is affirmed.