Nieves G. REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 57011.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 3, 1979.

Joe E. Chapa, Jr., McAllen, for appellant.

William B. Mobley, Jr., Dist. Atty. and Richard H. Silvas, Asst. Dist. Atty., Corpus Christi, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction of possession of more than four (4) ounces of marihuana. The jury assessed punishment at five (5) years in the Department of Corrections.

Appellant has raised two grounds of error, but in view of our disposition of the case only one of them will require discussion. The issue raised by the determinative ground of error is whether the evidence was sufficient to support the conviction.

The evidence shows that at approximately 6 a. m. on February 20, 1976, Deputy Sheriff Marcos Perez stopped a vehicle in which appellant was a passenger for speeding. The record reflects that the vehicle, a four-wheel drive Plymouth Trail Duster, was being driven by Jose Montoya. Perez testified that Montoya got out of the Trail Duster and walked back to meet him as he got out of his patrol car. Perez asked Montoya to produce his driver's license. The record reflects that Montoya got out his wallet but was unable to find his license. The testimony of Deputy Perez reads in pertinent part as follows:

"A  He got his wallet out, fumbled around looking for his driver's license to submit, and without presenting it to me, went ahead and closed his billfold and put it back into his hip pocket. He then turned around and opened the top portion of the rear of the vehicle, the lid that folds up. He unlatched it.

"Q  Did the lid open all the way at this time?

"A  No, sir, it did not.

"Q  What did you say to the individual at that time?

"A  He had not presented his driver's license, so again I asked him to get his driver's license out to show it to me. He closed the vehicle and locked the handle, got his wallet out again, and presented his driver's license to me."

At this point Perez stated that he smelled the odor of "bulk type raw marihuana" emanating from the vehicle. He instructed Montoya to reopen the back of the vehicle, wherein he discovered several large plastic bundles covered by a tarp. The bundles were later determined to contain approximately 660 pounds of marihuana.

The record reflects that it was only after making this discovery that Perez noticed the appellant who had been seated on the passenger side of the vehicle through the entire incident. There was no evidence that the appellant was under the influence of marihuana or any other drug or that he had on his person any controlled substance. Neither the appellant nor Montoya made any statement at the time of the arrest. A registration check revealed that the vehicle was owned by a woman named Soccorro Reyes of McAllen. There was no attempt by the State to connect either Montoya or the appellant with the owner of the vehicle.

It is well settled that an accused may with another or others jointly possess dangerous drugs or narcotics and that such

possession need not be exclusive. *Martinez v. State*, 539 S.W.2d 885 (Tex.Cr.App.1976); *Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App. 1976); *Curtis v. State*, 519 S.W.2d 883 (Tex. Cr.App.1975). However, mere presence alone at a place where narcotics or dangerous drugs are being used or possessed by others does not justify a finding of joint possession. *Underwood v. State*, 571 S.W.2d 7 (Tex.Cr.App.1978); *Ayers v. State*, 570 S.W.2d 926 (Tex.Cr.App.1978); *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App. 1977). The crux of this rule was perhaps best summarized in *Wilkes v. State*, 572 S.W.2d 538 (Tex.Cr.App.1978):

> "It has been consistently held in this state that possession means more than just being where the action is; the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband . . . Therefore, there must be additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. . . ."

■■■ In the case at bar, the State bases its claim that the appellant jointly possessed the marihuana on two contentions. First, it is advanced that the statement, "We got caught," alleged by Perez on cross-examination to have been made by Montoya while on the telephone at the sheriff's office, is sufficient to affirmatively link the appellant to the contraband. We cannot agree. Not only is the alleged statement extremely vague, it is hearsay of the rankest sort. We have consistently held that such evidence is without probative value in determining the sufficiency of the evidence. *Adams v. State*, 552 S.W.2d 812 (Tex.Cr. App.1977); *Hanna v. State*, 546 S.W.2d 318 (Tex.Cr.App.1977); *Mendoza v. State*, 522 S.W.2d 898 (Tex.Cr.App.1975).

The State next urges the court to consider the close proximity of the appellant to the contraband, claiming that since there was no partition between the passenger compartment and the rear of the vehicle where the substance was found the appellant must necessarily have been aware of its existence. While Deputy Perez may have acquired the skill of detecting the odor of marihuana through his narcotic investigations, it was not shown that the appellant knew the smell of marihuana and such expertise may not be presumed. *Armstrong v. State*, 542 S.W.2d 119 (Tex.Cr.App.1976). Moreover, the evidence revealed that the plastic bags containing the substance were covered by a tarp and that one of them had to be torn to determine its contents. Therefore, the deputy's expertise in recognizing the appearance as well as the odor of marihuana cannot be imputed to this appellant.

We conclude that the evidence is insufficient to affirmatively link the appellant to the contraband seized. There is no showing that the Trail Duster was his vehicle, nor was there any attempt to connect him with the owner. Moreover, there is no evidence of furtive gestures toward the contraband, no attempt to escape, no evidence of marihuana smoke, no evidence that the appellant was under the influence of marihuana or other drugs, and no incriminating statements at the time of the arrest.

■■■ Having found that reversal must result in the instant case, we further conclude that no further prosecution be had in this cause. The double jeopardy clause of the United States Constitution precludes a second trial once the reviewing court has found the evidence legally insufficient. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Since this ruling is fully applicable to state court proceedings, *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we are bound to apply this standard to the instant case. *Underwood v. State*, supra; *Ayers v. State*, supra.

The conviction is set aside and reformed to show acquittal.

For the reasons stated, the judgment is reversed and the cause remanded.