Jimmy Ray BOUGHTON, Appellant,

v.

The STATE of Texas, State.

No. 2-81-307-CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 1, 1982.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

Jimmy Ray Boughton appeals his conviction of possession of methamphetamine. He was found guilty in a trial before the court and was assessed a punishment of 12 years confinement in the Texas Department of Corrections.

We affirm.

At approximately 10:00 p.m. on July 13, 1980 in Grapevine, Texas, Officer Robert Wickman of the Grapevine Police Department received a message from the police radio dispatcher that a report of an orange Mustang with a certain license number had been received and that the vehicle was being driven as if the driver were intoxicated.

Officer Wickman observed the vehicle, followed it several blocks and noticed it weaving before it turned right into the Quick Fill Grocery parking lot. When the officer saw the driver step out of the vehicle, stumble slightly, and turn toward the patrol car, he recognized the driver as the appellant. When Officer Wickman asked appellant for his driver's license, he noticed that appellant had an odor of alcohol on his breath, his eyes were bloodshot, and he seemed confused. He arrested appellant for public intoxication and called for a back-up officer. He called for a wrecker to impound the vehicle and then conducted an inventory search.

While looking under the seats with a flashlight, he observed a magnetic key box stuck to the steering column. He opened the box and discovered what was found to be methamphetamine.

In his first two grounds of error appellant contends that the trial court erred in overruling his motion to suppress evidence obtained as the result of an illegal search incident to an illegal arrest.

The Court of Criminal Appeals has held that an officer who believes a traffic violation has been committed has probable cause to stop the car and is legitimately in a position to observe facts and circumstances authorizing a search which may lead to the discovery of contraband. *Praska v. State,* 557 S.W.2d 83 (Tex.Cr.App.1977).

Officer Wickman received information consisting of a description of appellant's vehicle. He then spotted the vehicle weave and execute a right-hand turn without signaling. Appellant's failure to signal constitutes a violation of Art. 6701d, V.T.C.S., Sec. 68(a).

The facts observed and set out by the officer were sufficient to reasonably justify his belief that a traffic violation had been committed by appellant and gave rise to probable cause for stopping appellant.

■ Once the officer had probable cause to stop appellant, circumstances which fall short of probable cause for arrest may justify temporary detention for purposes of investigation, since an investigation is considered to be a lesser intrusion upon the personal security of an individual than is an arrest. *Mann v. State,* 525 S.W.2d 174 (Tex.Cr.App.1975).

Investigation by Officer Wickman led him to believe that appellant was intoxicated, disclosing circumstances which gave rise to probable cause to arrest him.

Officer Wickman arranged for the car to be impounded since there was no available person to drive it and conducted an inventory search at the scene of the arrest.

■ An automobile may be impounded if the driver is arrested for being intoxicated while in the vehicle and no other person is available to drive or otherwise safeguard the vehicle. *Benavides v. State,* 600 S.W.2d 809 (Tex.Cr.App.1980).

■ Requirements for an inventory search rest upon the caretaking responsibility a police officer has toward a lawfully impounded automobile.

In *Colorado v. Bannister,* 449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980), the U.S. Supreme Court held that officers who had probable cause could search a car where it was stopped on the scene or after the car was seized and moved to a police station.

Officer Wickman found the magnetic key box stuck to the steering column, opened it, expecting to find a key to the trunk, and found the white powder inside which later proved to be methamphetamine, an intoxicating substance.

■ Police who have probable cause for a vehicle search under the "automobile exception" to the Fourth Amendment warrant requirement may search, without a warrant, every part of that vehicle and its contents, including closed containers, that may conceal the object of the search. *U.S. v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

The officer's inventory search which led to the discovery of contraband was clearly within the allowable scope.

Appellant's first two grounds of error are overruled.

Appellant argues in his third ground of error that the trial court erred in not granting his motion for a new trial based on insufficiency of the evidence. He argues that the case was based on circumstantial evidence insufficient to support a verdict of guilty.

■ Evidence introduced at trial included the fact that appellant was the driver of a car in which methamphetamine was found, that appellant was the sole occupant of the car when the officer saw him pull into the parking lot, and that the drug was found in a key box located on the steering column on the same side of the car and within easy reach of appellant when seated behind the wheel. When a drug is found on the same side of the car where defendant is seated, it is not necessary to show ownership of the car. *Orosco v. State,* 164 Tex.Cr.R. 257, 298 S.W.2d 134 (1957).

We find the evidence is sufficient to support appellant's conviction. Appellant's third ground of error is overruled.

■ Appellant contends in his fourth ground of error that the trial court erred in admitting hearsay testimony by the arresting officer concerning information he received from the police dispatcher regarding an anonymous tip phoned into the dispatcher. In a trial before the court it is presumed that the court disregarded any inadmissible evidence which was admitted. *Ex Parte LeBlanc,* 615 S.W.2d 724 (Tex.Cr.App. 1981).

■ In addition, we hold that the evidence was admissible in that it did not constitute hearsay.

■ Where the trial court permits the arresting officer to testify only that he had heard a general broadcast over the police radio giving a detailed description of a crime, participant, and automobile in which he was riding, and the officer is not permit-

ted to relate the exact contents of the report, it is not error to allow the officer to testify regarding his reasons for arresting the defendant. *Black v. State,* 503 S.W.2d 554 (Tex.Cr.App.1974).

In this case evidence was not admitted for the truth of what the officer was told but for the fact that he was given instructions by the dispatcher. Further, the evidence was admitted after probable cause for the stop and arrest became an issue before the court upon appellant's prior cross-examination of Officer Wickman.

Appellant's fourth ground of error is overruled.

Judgment affirmed.