Paul Allan HUMASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0783–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 7, 1985.

Robert G. Turner, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Winston E. Cochran, Jr. Harris Co. Asst. Dist. Atty., Ned Morris, Harris Co. Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

COHEN, Justice.

Appellant was indicted for intentionally and knowingly possessing cocaine, a controlled substance under Tex.Rev.Civ.Stat. Ann. art. 4476–15, sec. 2.04(b)(4) (Vernon Supp.1985). He pleaded not guilty and was convicted in a non-jury trial. The court assessed his punishment at three years imprisonment, probated, and a $500 fine. He contends that the evidence was insufficient to prove that he intentionally and knowingly possessed cocaine.

On March 27, 1984, at 9:30 p.m., Nassau Bay police officers stopped a truck for speeding through a residential area. Appellant was the sole occupant of the truck. He showed Officer Stall a restricted driver's license that authorized him to drive between 6:00 a.m. and 9:00 p.m., and Stall determined that his regular driver's license had been suspended. Appellant was then arrested on the charge of driving while license suspended, handcuffed, and put into the back of Stall's patrol car. Officer Stall then searched the truck's passenger compartment. Inside an unzipped gym bag, which was sitting on the passenger seat, Stall found a small plastic vial containing 3/100ths of a gram of cocaine.

■ When the accused is charged with unlawful possession of a controlled substance, the State must prove that he exercised care, control, and management over the substance, and that he knew that what he possessed was contraband. *Payne v. State*, 480 S.W.2d 732, 734 (Tex.Crim.App. 1972).

"Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed." ... *Whether the case is tried on the theory of joint or sole possession,* the evidence must affirmatively link the accused to the drug he is alleged to have possessed. *Id.* (emphasis supplied) (citation omitted) (quoting *Brown v. State*, 481 P.2d 475, 477 (Okla.Crim.App.1971).

■ Affirmative links may be proved by circumstantial evidence; however, proof amounting to a strong suspicion or even a probability will not suffice. *Waldon v. State*, 579 S.W.2d 499, 501–02 (Tex.Crim. App.1979).

■ In the instant case, appellant did not testify, and the State proved only that he was the truck's sole occupant and that the cocaine was found near him. The State's brief on appeal cites no cases concerning sufficiency of the evidence. We conclude that these facts do not affirmatively link appellant to the cocaine in a manner proving that he *knowingly* possessed it. *Reyes v. State*, 575 S.W.2d 38 (Tex.Crim.App. 1979); *Presswood v. State*, 548 S.W.2d 398 (Tex.Crim.App.1977); *Baltazar v. State*, 638 S.W.2d 130 (Tex.App.—Corpus Christi 1982, no pet.).

In *Presswood,* as in the instant case, there was no proof that the accused driver owned or had access on other occasions to the vehicle containing the contraband. The court held that the State failed to sustain its burden of establishing an affirmative link between the accused and the contraband, stating, "the record ... does not affirmatively reflect that the appellant's automobile was a borrowed one. However, it does not affirmatively reflect that he owned the automobile either." 548 S.W.2d at 400.

The *Reyes* court rejected the State's contention that the defendant's proximity to the contraband, standing alone, established an affirmative link, where, as in the instant case, there was no proof of ownership, no evidence of furtive gestures toward the contraband, no attempt to escape, no evi-

dence that the accused was under the influence of drugs, and no incriminating statements were made at the time of the arrest. 575 S.W.2d at 40. The accused in *Reyes* was a passenger in a vehicle that had 600 pounds of distinctively fragrant marijuana located in the passenger compartment.

The court in *Baltazar* noted that, as in the present case, there was no evidence of the car's ownership and no evidence showing how long the defendant possessed the car or whether he had sole access to it. The cocaine was as near the accused as in the instant case, and the court stated:

> It is true that the area of the automobile in which the substance was found, i.e., on the dashboard, was convenient to appellant and rendered it readily accessible to him. This one circumstantial link, however, is not sufficient.

638 S.W.2d at 132 (citations omitted).

Our record contains no evidence that appellant or any associate owned or had access to the truck or the gym bag at any time other than at his arrest. *Compare Deshong v. State*, 625 S.W.2d 327 (Tex. Crim.App.1981).[1] The cocaine was not in plain view. *Compare id.* at 329. It was not shown that appellant would recognize cocaine if he saw it (assuming 3/100ths of a gram is visible). Appellant was not intoxicated or under the influence of drugs, and there was no odor of contraband. *Compare Orosco v. State*, 298 S.W.2d 134 (Tex.Crim.App.1957); *Duncan v. State*, 680 S.W.2d 555 (Tex.App.—Tyler 1984, no pet.). None of the gym bag's contents were shown to be his. He made no attempt to flee or to resist arrest and gave no false or inconsistent information to the police. He made no "furtive gestures," res gestae statements, or admissions linking himself to the truck, the gym bag, or the cocaine. He made no attempt to lock up, conceal, or destroy the cocaine. No other drug paraphernalia or contraband was found on his person or elsewhere in the truck. No fingerprints linked him to the gym bag or the vial. These factors, when present, have served to establish an affirmative link, and their absence has led to reversal in the cases cited. *Reyes*, 575 S.W.2d at 40; *Presswood*, 548 S.W.2d at 399–400; *Harvey*, 487 S.W.2d at 78; *Baltazar*, 638 S.W.2d at 131–32; *see also Morr v. State*, 587 S.W.2d 711 (Tex.Crim.App.1979). While the vehicles in those cases had more than one occupant, we do not believe that that fact alone requires a different result under these particular facts. *Compare Harris v. State*, 486 S.W.2d 88 (Tex.Crim. App.1972) (defendant was sole occupant, but was linked to the car other than at his moment of arrest); *McGaskey v. State*, 451 S.W.2d 486 (Tex.Crim.App.1970) (sole control of parked car when arrested, plus intoxication, held sufficient to link defendant to marijuana in glove compartment); *Nickerson v. State*, 645 S.W.2d 888, 892 (Tex. App.—Dallas), *aff'd*, 660 S.W.2d 825 (Tex. Crim.App.1983) (en banc) (although the defendant-driver was the car's sole occupant, the court relied on other, additional facts to prove affirmative links, instead of relying on one brief instance of exclusive control); *Boughton v. State*, 643 S.W.2d 147 (Tex. App.—Ft. Worth 1982, no pet.) (facts and holding similar to *McGaskey*).

The second ground of error is sustained.

The judgment of conviction is reformed to show acquittal. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

EVANS, Chief Justice, dissenting.

I agree with the majority that the State was required to prove: (1) that the appellant exercised care, control, and management over the controlled substance and (2) that he knew that it was contraband. But I disagree with the majority's conclusion that the State's evidence is not sufficient to

1. The State presented no evidence of the truck's ownership or registration, even though such evidence is within its exclusive control. The State's failure to produce available, probative evidence or to account for its failure to do so, has led to reversal where the State's evidence was circumstantial and weak. *Waldon v. State*, 579 S.W.2d at 502. This rule has recently been questioned, however. *Buxton v. State*, 699 S.W.2d 212, (Tex.Crim.App., 1985) (not yet reported).

prove that the appellant knew he possessed an illegal drug.

The majority opinion fails to distinguish the facts in this case from those situations where an accused was not shown to have been in *exclusive* possession of the place where the substance was found. I recognize that in the absence of proof of exclusive possession, the State must prove "additional independent facts and circumstances" that affirmatively link the accused to the contraband. *See Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981); *Wiersing v. State*, 571 S.W.2d 188, 190 (Tex. Crim.App.1978).

In the present case, the State did prove that the appellant had exclusive possession of the place where the controlled substance was found. The State proved such "exclusive possession" by showing that the appellant was the sole occupant and driver of the vehicle, and that the bag containing the illegal drug was located inside the vehicle on the seat next to him. *See Duncan v. State*, 680 S.W.2d 555, 560 (Tex.App.—Tyler 1984, no pet.). Although there was no direct evidence that the appellant exercised control over the bag or its contents, the circumstantial proof of his *exclusive* possession of the vehicle and its contents was sufficient to raise a fact issue for the trier of fact. *See McGaskey v. State*, 451 S.W.2d 486, 487 (Tex.Crim.App.1970).

The bag containing the cocaine was conveniently placed next to the appellant in the front seat of the vehicle, making its contents readily accessible to him. The trial court was entitled, as a matter of common experience, to consider that persons operating motor vehicles often place their personal effects on the seat next to them while driving. Indeed, that would have been the most logical place for the appellant to have placed the bag, if he had desired ready access to its contents. *See Orosco v. State*, 164 Tex.Crim. 257, 298 S.W.2d 134 (1957); *Boughton v. State*, 643 S.W.2d 147, 149 (Tex.App.—Fort Worth 1982, no pet.).

Based on the proof showing the appellant's exclusive possession of the place where the illegal substance was found, the trial court was entitled to conclude that the appellant had knowledge of the existence of the illegal drug. *See Deshong*, 625 S.W.2d at 329. The proof of appellant's exclusive possession, in itself, established the necessary link between the appellant and the contraband, and the State was not required to show any of the "additional links" listed in the majority opinion.

The majority opinion cites three cases in support of its conclusion that the State's proof failed to affirmatively link appellant to the cocaine in a manner proving that he knowingly possessed it. *Reyes v. State*, 575 S.W.2d 38 (Tex.Crim.App.1979); *Presswood v. State*, 548 S.W.2d 398 (Tex.Crim. App.1977); *Baltazar v. State*, 638 S.W.2d 130 (Tex.App.—Corpus Christi 1982, no pet.). I do not believe those cases are applicable because all three involved non-exclusive possession of the contraband.

In *Presswood*, the illegal drug was found wrapped in a bank bag in the glove compartment of an automobile occupied by the defendant and his passenger. There was no evidence, direct or circumstantial, linking the defendant to the drug, except that he was the driver of the vehicle.

In *Reyes*, the defendant was a passenger in a four-wheel-drive vehicle carrying bulk marijuana in the rear section. Because there was no partition between the passenger compartment and the rear of the vehicle, the State contended that the close proximity of the accused to the contraband was sufficient to establish his joint possession.

In *Baltazar*, the accused and his female passenger were stopped for investigation. After the accused was placed under arrest for possession of gambling paraphernalia, the police impounded the vehicle and subsequently found cocaine in an envelope in a kleenex box on the dashboard. The only evidence tending to link the defendant to the cocaine was the fact that it was found on the dashboard of the vehicle, a place readily accessible to the accused.

In the three cases cited by the majority that involved a single occupant, the convic-

**926**

tions were affirmed. *Harris v. State,* 486 S.W.2d 88, 91 (Tex.Crim.App.1972); *McGaskey v. State,* 451 S.W.2d 486 (Tex.Crim. App.1970); *Nickerson v. State,* 645 S.W.2d 888, 892 (Tex.App.—Dallas), *aff'd,* 660 S.W.2d 825 (Tex.Crim.App.1983); *see also Boughton v. State,* 643 S.W.2d 147. I recognize that the court, in affirming the conviction in *Nickerson,* discussed additional circumstances that linked the defendant to the contraband. But the court did not state that evidence of exclusive possession could not, standing alone, be a sufficient basis for sustaining the conviction.

In *Harris,* the defendant argued, as appellant does here, that the evidence was insufficient to support his conviction because (a) there was no testimony showing that he owned the automobile, and (b) the narcotics had been found in the fold of the front seat and were not in open view. He also pointed to defense testimony that he owned a different make of car than the automobile in which the narcotics were found. Rejecting the defendant's contentions, the Court of Criminal Appeals held that the evidence was sufficient to support the conviction, concluding that the facts relating to the defendant's *sole* occupancy of the vehicle negated the possibility that someone else had placed the contraband in the car. *Harris v. State,* 486 S.W.2d at 91.

In my opinion, the State's proof established that the appellant had exclusive possession of the place where the controlled substance was found, and that this constituted sufficient evidence to support the trial court's determination that the appellant knowingly possessed the illegal drug.

I would affirm the trial court's judgment.