# 557·15

ORIGINAL

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

JASON JACKSON

VS.

STATE OF TEXAS

## PETITION FOR DISCRETIONARY REVIEW

On Discretionary Review From The
COURT OF APPEALS FOURTEENTH DISTRICT
OF TEXAS , HOUSTON, TEXAS
No. 14-14-00150-CR

On Appeal From The 176th District Court
Harris County, Texas Trial Cause 1333636

JASON JACKSON, PRO-SE
TDCJ-CID# 1940366
COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY,TX 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

EVIDENTIARY HEARING REQUESTED

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITY      ...    ...    ...    ii

STATEMENT REGARDING ORAL ARGUMENT ...  ...  ....   ...  iii

STATEMENT OF THE CASE ...   ...  ...  ...  ....  ... iii

STATEMENT OF PROCEDURAL HISTORY ...  ...  ...  .....  iii

QUESTION[S] PRESENTED FOR REVIEW  .....  ...  ...   ... 1

      WHETHER THE FOURTEENTH COURT OF APPEALS ERRED IN
      FINDING THE EVIDENCE SUFFICIENT TO PROVE BEYOND
      A REASONABLE DOUBT THAT PETITIONER KNOWINGLY AND
      INTENTIONALLY POSSESSED A CONTROLLED SUBSTANCE
      WITH INTENT TO DELIVER?           1

      WHETHER THE JUSTICES OF THE FOURTEENTH COURT OF
      APPEALS HAVE DISAGREED ON A MATERIAL QUESTION OF
      LAW NECESSARY TO THIS COURT'S DECISION?     1

ARGUMENT  .....    .....    .....    ....    ........ 2

PRAYER FOR RELIEF....    .....    .......  .....   ... 11

APPENDIX  ...    [ OPINION: COURT.OF.APPEALS.]..    ........ 12

## INDEX OF AUTHORITIES

| Cases | Page |
|---|---|
| Allen v. State,249 S.W.3d 68(Tex.App.-Austin,2008,no pet.) | 7,8,9 |
| Avila v. State,15 S.W.3d 568(Tex.App.-Houston[14th Dist.] 2000 no pet.) | 6 |
| Brooks v. State,323 S.W.3d 893(Tex.Crim.App.2010) | 3 |
| Brown v. STATE,(911 S.W.2d 744(Tex.Crim.App.1995) | 6 |
| Evans v. State 202 S.W.3d 158(Tex.Crim.App.2006) | 5,6,9 |
| Fisher v. State,887 S.W.2d 49(Tex.Crim.App.1994)(Op.on rehrg) | 4 |
| Flores v. State,100113 TXCA 14,14-12-00623-CR,Oct.1,2013) | 9 |
| Gear v. State,340 S.W.3d 743(Tex.Crim.App.2011) | 4 |
| Humason v. State,699 S.W.2d 922(Tex.App.-Houston[1st Dist.] 1985,aff'd, 728 S.W.2d 363(Tex.Crim.App.1987) | 6,10 |
| Isassi v. State,330 S.W.3d 633(Tex.Crim.App.2010) | 4 |
| Jackson v. Virginia,443 U.S. 307,99 S.Ct. 2781,61 L.Ed.2d 560(1979) | 4 |
| Medina v. State,2011 WL 6013094(Tex.App.-Houston[14th Dist] 2011,pet.ref'd.) | 9 |
| Oaks v. State,642 S.W.2d 174(Tex.Crim.App.1982) | 8 |
| Olivarez v. State,171 S.W.3d 283(Tex.App.-Houston[14th Dist] 2005,no pet.) | 6 |
| Poindexter v. State,153 S.W.3d 402(Tex.Crim.App.2005) | 4 |
| U.S. v. Phillips, 496 F.2d 1395(5th Cir.1974) | 7 |
| U.S. v. Rojas Alvarez, 451 F.3d 320(5th Cir.2006) | 7 |

### STATUTES

| | |
|---|---|
| TEX.HEALTH AND SAFETY CODE: | |
| Art. 481.112 | 3 |
| TEX.PENAL CODE | |
| Art. 6.01 | 3 |
| Art. 46.04 | 3 |

### RULES

| | |
|---|---|
| TEX.R.APP.P.: | |
| RULE 68.4(a) | i |
| RULE 68.4(b) | ii |
| RULE 68.4(c), (d), (e) | iii |
| RULE 68.4(f) | 1 |
| RULE 66.3(e) | 1 |

## STATEMENT REGARDING ORAL ARGUMENT   T.R.A.P. 68.4(c)

Oral argument is requested as it will aid the Court in deciding this unique set of facts herein.

## STATEMENT OF THE CASE   T.R.A.P.   68.4(d)

Petitioner was charged by indictment in cause No. 1333636 with the offense of possession of a controlled substance, namely cocaine weighing between one and four grams, with intent to deliver. The offense was allegedly committed on January 18,2012. (Clerk's Record,10). The indictment included one enhancement alleging a prior felony conviction. (Id.) Petitioner filed a motion to suppress statements made in the course of custodial interrogation. (Id.,63). The motion was granted.(Reporter's Record IV,7-8,39).

Petitioner entered a plea of not guilty and a jury was empanelled. (Id.,9). The jury returned a verdict of guilty.(Id.,99). On January 29,2014,after a hearing on punishment,the Court found the enhancement paragraph to be true and sentenced him to a term of 5 years in the Texas Department of Criminal Justice Institutions Division. (Clerk's Record,88)

## STATEMENT OF PROCEDURAL HISTORY   T.R.A.P. 68.4(e)

Petitioner was convicted in cause 1333636 with possession of a controlled substance (cocaine) between one and four grams, with intent to deliver. On January 29,2014 after a hearing on punishment he was sentenced to 5 years in prison. He timely appealed. No motion for rehearing was filed. The Fourteenth Court of APPEALS AFFIRMED ON April 16,2015. An extension of time to file PDR was granted until July 7th,2015 making this timely submitted.

QUESTION PRESENTED FOR REVIEW T.R.A.P. 68.4(f)
WHETHER THE FOURTEENTH COURT OF APPEALS ERRED IN FINDING THE
EVIDENCE SUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT
PETITIONER KNOWINGLY AND INTENTIONALLY POSSESSED A CONTROLLED
SUBSTANCE WITH INTENT TO DELIVER?

T.R.A.P. 66.3(e)
WHETHER THE JUSTICES OF THE FOURTEENTH COURT OF APPEALS HAVE
DISAGREED ON A MATERIAL QUESTION OF LAW NECESSARY TO THIS COURT'S
DECISION?

Statement Of Facts

At 3:54 a.m. on January 18,2012 Sheriff's deputy Herlong was
dispatched to a motel in Houston,Texas to meet a caseworker
from Children's Protective Services(CPS).( RR,IV,10-12). The
CPS caseworker Marcil Patrick had been called at 3:30 a.m. to
investigate a tip that drugs were being sold from a motel room
where young children were present.(Id.,64,69) Herlong and Patrick
knocked on the door of the motel room and asked permission to
enter. (Id., 15) Looking into the room,Herlong saw an adult male
an adult female,and two very young children.(Id.,16).According
to Herlong the woman gave oral consent to enter.(Id.,23-24)
The woman(Shelly Fisher) said,"Let us put some clothes on first,"
but left the door open.(Id.,32). The man( Jackson) appeared to be
walking away from a coatrack beside the sink in an area outside
the bathroom. Herlong said the coat seemed to be moving as if
Jackson had just handled it.(ID.,17). using a flashlight,
Herlong was able to see a scale by the sink. For safety he
ordered petitioner to approach him.(ID.,18)

Herlong detained petitioner and turned on the light in the room.
At that point he observed powder residue on the scale.(Id.,19).
In a pocket of a coat on the coatrack Herlong found a pill container
with plastic baggies holding more powder.(Id.,20). Herlong could
not say if the coat was a man's or a woman's coat; he admitted

-1-

that the drugs found in the pocket could possibly have belonged to Shelly. Fisher.(Id.,25-27). He did not search Fisher's purse eventhough the original call slip read "investigate Shelly Fisher who is selling drugs with her boyfriend and has a 2-month old and a 2-year old in the room".(Id.,34-35). He also did not make a determination if the room had been rented to Fisher.(Id.,25).

Deputy Alan Whitlock who was dispatched to the motel after Herlong and the CPS caseworker had already arrived, found on the counter by the sink a scale with plastic baggies(Id.,44,45-46) which field tested positive for cocaine. (Id.,47). Fisher and petitioner were both arrested and the children were placed in CPS custody.(Id.,) Fisher was taken into custody on a felony warrant but was not charged with possession of the drugs in the room.(Id., 59,61). While the room was rented in Fisher's name ,(Id.,59) Whitlock could not say if the coat was a man's or a woman's (Id.,60) and Whitlock did not test the scale or baggies for prints and took no picture of the coat.(Id., 53-55).

ARGUMENT

Where a defendant is not in exclusive control of the place where drugs are found, the State must show sufficient affirmative links between the defendant and the contraband to meet its burden of proof. Mere presence by itself is insufficient to prove possession.

Being present in a room rented by Shelly Fisher where police received a tip that she was selling drugs from the motel is not sufficient to constitute an affirmative link to petitioner and the contraband. Petitioner was seen near a coatrack where drugs were later discovered in a coat hanging there is also conjecture at

-2-

best. It is a gross miscarriage of justice where mere presence alone without more tends to establish the State's case.

## LEGAL SUFFICIENCY REVIEW STANDARD

The offense of possession of a controlled substance with intent to deliver is defined as follows:

> TEX.HEALTH AND SAFETY CODE 481.112
>
> (a) a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty group 1.
>
> TEX.PENAL CODE 6.01
>
> (b) Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of or in control of the thing for a sufficient time to permit him to terminate his control.

Petitioner moved for an instructed verdict on the ground that the evidence did not establish sufficient affirmative links to prove possession beyond a reasonable doubt. The motion was denied. (RR,IV,84). Petitioner did not contest the State's witnesses' testimony that Shelly Fisher consented to their entry into the motel room.(Id.,15,32). Hence the issue on appeal is the narrow one of whether the evidence was sufficient to prove he knowingly obtained or received the cocaine or was aware that he had control of the cocaine for a sufficient time to permit him to terminate control while having the intent to deliver the same.

This Court has overruled previous line of cases affording factual sufficiency review and stated that Legal-sufficiency review is the only standard a reviewing Court need apply. Brooks v. State,323 S.W.3d 893,912(Tex.Crim.App.2010).

Therefore the trial court's ruling on petitioner's instructed verdict motion should be reviewed by looking at the relevant evidence in the light most favorable to the verdict and determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979). Gear v. State,340 S.W.3d 743,746(Tex.Crim.App.2011). Deference must be given to the finder of fact's judgment of the weight and credibility of the evidence. Isassi v. STATE,330 S.W.3d 633, 638 (Tex.Crim.App.2010)

### TEST FOR AFFIRMATIVE LINKS TO CONTRABAND

A legal sufficiency analysis begins by examining the indictment as incorporated in the court's charge to the jury. Fisher v. State 887 S.W.2d 49,53(Tex.Crim.App.1994)(Op.on rehearing). In the present case, the trial court charged the jury on possession in relevant part as follows:

> "Possession" means actual care, custody, control, or management. ...
> Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.(CR,79-80)

To prove unlawful possession of a controlled substance, the State must show that the defendant 1) exercised care, custody or management over the substance; and 2) knew that the substance was contraband. Poindexter v. State,153 S.W.3d 402,405(Tex.Crim. App.2005). This may be established by direct or circumstantial evidence, but the evidence must show that the defendant's connection to the controlled substance is more than fortuitous. Id. at 405 -406. Mere presence at a location where drugs are found is not

-4-

sufficient to prove that a defendant exercised care, custody, or control. Evans v. State,202 S.W.3d 158,162(Tex,Crim.App.2006). Affirmative links between the defendant and the contraband must be shown to prevent convicting a bystander whose proximity to the drugs may be the result of happenstance. Id.,at 161-162.

In the present case, the drugs were found in a motel room rented by Shelly Fisher.(RR IV,59). The original call slip dispatching the deputies to the motel indicated that drugs were being sold by Shelly Fisher in the motel room with her boyfriend and children.(Id.,34). The powder cocaine was found in the pocket of a coat which the deputies could not identify as a man's or a woman's.(Id., 26-27,60). Petitioner was present in the room with Fisher and her children, but the State's witnesses did not see petitioner actually holding, touching, or doing anything with the cocaine. (Id., 17).

The first witness on the scene, Deputy Herlong, simply assumed petitioner was connected to the drugs; Herlong thought that since the coat appeared to be moving, petitioner must have been in contact with the coat. (Id.,20). But Herlong did not see petitioner do anything with the coat and could not even say if the coat belonged to him or Fisher.(Id., 26-27, 60). The coat was hanging on a rack next to the bathroom and it is possible petitioner could have brushed by the coat on his way to or from the bathroom or the sink. Herlong's testimony about the coat was uncontradicted; however, a factfinder is not bound to accept uncontradicted testimony, much less any inferences that purportedly flow from it. Evans, 202 S.W.3d at 162.

Where, as here, the accused is not in exclusive control of the place

-5-

where the evidence is found, it cannot be presumed that he or she had knowledge or control of the contraband. Brown v. State 911 S.W.2d 744,747(Tex.Crim.App.1995). Additional independent facts and circumstances must be shown to link the evidence to the accused. Avila v. State,15 S.W.3d 568,673(Tex.App.-Houston [14th Dist.]2000,no pet.). "Possession means more than just being where the action is. It involves dominion and control over the thing allegedly possessed. Affirmative links may be shown by circumstantial evidence, but strong suspicion or even probability will not suffice." Humason v. State,699 S.W.2d 922,923(Tex.App.-Houston[1st Dist.]1985,aff'd, 728 S.W.2d 363(Tex.Crim.App.1987).

To evaluate whether such affirmative links have been shown, the Court has set out an extensive list of factors as follows:

1)was the defendant present when the search was conducted;
2)was the contraband in plain view;
3)was the defendant near accessible contraband;
4)was the defendant under the influence of drugs when arrested;
5)did the defendant possess other drugs when arrested;
6)did the defendant make incriminating statements;
7)did the defendant attempt to flee;
8)did the defendant make furtive gestures;
9)was there an odor of contraband;
10)were other drugs or paraphenalia present;
11)did the defendant have the right to possess the place where the drugs were found;
12)was the place where the drugs were found enclosed;
13)was the defendant found with a large amount of cash;
14)did the defendant's conduct indicate a consciousness of guilt.
Olivarez v. State, 171 S.W.3d 283,291(Tex.App.-Houston[14th Dist.] 2005,no pet.); Evans,202 S.W.3d at 162,n. 10.

-6-

## COURT OF APPEALS ERRED IN FINDING
## SUFFICIENT AFFIRMATIVE LINKS IN THIS CASE

Applying the above factors to the facts of the present case the Court of Appeals erred. Petitioner was present when the search was conducted. The drugs were not in plain view, but in the pocket of a coat hanging on a coatrack. Petitioner was near the coat, according to the State's witness, but the drugs in the pocket were not immediately accessible. There was no evidence that petitioner was under the influence of drugs at the time. He possessed no other narcotics. There was no evidence admitted as to incriminating statements by petitioner. He made no attempt to flee and made no furtive gestures. There was no evidence of odor of contraband. Other paraphernalia, i.e.,the scale and baggies, were present, but there was no evidence that he owned the coat or had a key to the motel room. Petitioner was not shown to be in possession of a large amount of cash, and did nothing to indicate a consciousness of guilt.

The above factors for the most part do not establish the affirmative links needed to prove possession beyond a reasonable doubt. The only factors that tend to connect petitioner to the contraband are that he was present in the motel room; he was seen near the coat where the drugs were found; and drug paraphernalia such as scales and baggies were visible in his proximity. But mere proximity to contraband is not sufficient to prove the element of knowing possession. U.S. v. Phillips,496 F.2d 1395,1397(5th Cir.1974).

Further, where contraband is in a hidden place , the State must show that the defendant was aware of the place and its contents. Allen v. State,249 S.W.3d 680,693(Tex.App.-Austin,2008,no pet.); U.S. v. Rojas Alvarez,451 F.2d 320,334(5th Cir.2006).

-7-

In the instant case the State offered no evidence that petitioner was aware of the drugs in the coat pocket other than Deputy Herlong's supposition that 1) the coat was moving because petitioner had done something with the coat; and 2) that if petitioner had done something with the coat, he must have known what was in the pocket. Herlong did not say he saw petitioner touch the coat or reach for the pocket. Herlong could offer nothing more conclusive than speculation.

Further, the presence of the scale and baggies in plain view should not be determinative. The original call for service indicated that Shelly Fisher was selling drugs with her boyfriend and children in the motel room. (RR ,IV,34 ). However, a defendant does not become a party to joint possession of contraband even if he or she has knowledge of an offense being committed by another. Allen,249 S.W.3d at 698; Oaks v. State,642 S.W.2d 174,177(Tex.Crim.App.1982). Evidence that merely tends to show a defendant has knowledge that cocaine is present is not of itself sufficient to prove the requisite mental state for exercise of care, custody, and control. Allen,248 S.W.3d at 703.

In Allen the police observed drug transactions by a male suspect at an Austin apartment and obtained a search warrant. When they executed the warrant, they found a female present in the apartment with marijuana in plain view. They located cocaine out of view in kitchen cabinets and charged the female suspect with possession of cocaine. The court held these facts to be insufficient to affirmatively link her with the cocaine. 248 S.W.3d at 684-686,704. Just as in Allen , in the present case the original reason for the police to arrive at the scene was the alleged behavior of someone other than petitioner. And as in Allen, petitioner's physical proximity

-8-

to the contraband led to his being charged with possession. Hence the logic of _Allen_ suggests that the evidence of presence in proximity to contraband was not sufficient to prove petitioner's guilt.

It must be conceded that in _Flores v. State_, 100113 TXCA 14, 14-12-00623-CR, Oct.1,2013) this Court explicitly declined to follow _Allen_ and another case reaching a similar result, _Medina v. State_, 2011 WL 6013094(Tex.App.-Houston[1st Dist.]2011,pet,ref'd). However, the facts of _Flores_ distinguish it from the present case. In _Flores_ the defendant was observed making a number of hand-to-hand transactions earlier on the day of his arrest. The defendant was then seen to enter the premises with a key. Once inside,he met other individuals at the door and engaged in a further apparent drug transfer. When he was arrested, he was found to be in possession of $600 and a medallion of a type favored by drug traffickers. Taken together these facts in _Flores_, generate that degree of 'logical force'that Cochran,J.,pointed to in _Evans_ as sufficient to prove care, custody and control. 202 S.W.3d at 166. But none of these are present in the instant case. Without them, the 'logical force' to prove possess-ion is lacking.

### LOGICAL FORCE LACKING ALONG WITH UNIFORMITY OF COURT OF APPEALS DECISIONS .

The "Logical Force" discussed by Honorable Cochran,J. of the Court in _Evans_ is surely lacking here along with the uniformity of decisions rendered in similar situations by both the First and Fourteenth Courts of Appeals. Specifically, the Fourteenth Court of Appeals has failed to apprehend a material question in this whole equation; Shelly Fisher was the subject of the investigation.(RR IV,59) The room was hers. Herlong's conjecture is the 'sole' thread that ties this case.

-9-

All contents ,in the room, absent some substantive (credible) proof belonged to Fisher.(RR IV,59) Did the State get two for the price of one? Fisher was wanted on a felony warrant,which she went to jail for. Did the State, in turn, ignore her involvement here and give petitioner this possession with intent to deliver case? If lady Justice is truly blind then its Fisher's case,absent proof to the contrary.

Conventional wisdom and facts which are not in dispute suggest that the State gave petitioner this case because it could. A "CI" made a call identifying Fisher as selling drugs from the room. (RR, IV, 34) (2) the room was rented to her. (3) the coat could not be identified as to gender was found with drugs inside.(RR IV 26-27,60) (4) a scale and baggies suggesting intent to deliver was also found. The 'sole' link which went uncontroverted was Herlong's conjecture that Jackson seemed to be walking away from the coatrack. Any affirmative links must 'necessarily' inculpate Shelly Fisher. The Fourteenth Court of Appeals failed to give proper weight to Fisher's involvement here. Their decision in this case conflicts with another Court of Appeals on the same issue. T.R.A.P. 66.3(a) The First Court of Appeals has held: "Possession means more than just being where the action is. It involves dominion and control over the thing allegedly possessed. Affirmative links may be circumstantial evidence, but strong suspicion or even probability will not suffice." Humason v. STATe, 699 S.W.2d 922,923(Tex.App.-Houston[1st Dist.]1985,aff'd,728 S.W.2d 363(Tex.Crim.App.1987) Herlong's assertion that Jackson 'seemed' to be walking away from the coatrack. And the coat 'seemed'to be moving, are not affirmative statements which should be given credibility in a court of law.

Herlong's assertions should be analyzed in the light of <u>Humason</u> and this Court's previous precedent. Even when viewed in the light most favorable to the verdict, this 'conjecture' fails to prove knowing and intentional possession beyond a reasonable doubt. This Court should grant Petition for discretionary review, and appoint counsel for briefing and oral arguments.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, petitioner respectfully prays for the relief requested.

Respectfully submitted,

Jason B. Jackson#1940366
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx 75884

<u>CERTIFICATE OF SERVICE</u>

I, Jason B. Jackson hereby certify that a true and correct copy of the foregoing Petition for discretionary review was mailed postage prepaid to the Clerk of the Court of Criminal Appeals of Texas to P.O. Box 12308, Capitol Station, Austin, Texas 78711. Executed on this **2** day of **July** 2015 _____
signature

<u>UNSWORN DECLARATION</u>

I, Jason B. Jackson being currently incarcerated at the Coffield Unit located in Anderson County, Texas declare under penalty of perjury that the foregoing is true according to my belief. Executed on this **2** day of **July** 2015 _____
signature

-11-

[    APPENDIX    ]

Affirmed and Memorandum Opinion filed April 16, 2015.



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00150-CR

---

### JASON B. JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1333636**

---

## MEMORANDUM OPINION

Appellant Jason B. Jackson was convicted of possession with intent to deliver more than one but less than four grams of cocaine, a second-degree felony. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (c) (West 2010). Appellant presents one issue for review: whether the evidence is legally sufficient to show that appellant possessed the cocaine. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On January 18, 2012, the Texas Department of Family and Protective Services (DFPS) received a tip that Shelley Fisher was with her children at a motel, selling drugs with her boyfriend. Patrick Marcil, a DFPS caseworker, was assigned to investigate. Marcil requested assistance from law enforcement. Deputy Brandon Herlong of the Harris County Constable's Office, Precinct Five, responded.

Herlong met Marcil in the parking lot outside the motel. The two knocked on the door to room 208. Fisher gave them permission to enter. The room was dark. Herlong used his flashlight to scan the room. Herlong and Marcil saw Fisher, appellant, and two young children in the room.

Herlong observed appellant walking away from a clothes rack in the bathroom area of the room. There was a coat hanging on the rack. The coat was moving.

Herlong searched the coat and found a plastic pill container. Inside the pill container, Herlong discovered a clear plastic baggy containing a white powdery substance. The contents of the baggy tested positive for cocaine and weighed 2.524 grams.

The room contained items normally associated with the narcotics trade. A digital scale was on the counter next to the sink. Herlong saw a white powdery substance on the scale. Marcil observed small Ziploc-style baggies on the counter.

Appellant was indicted for knowing possession with intent to deliver cocaine weighing more than one gram and less than four grams. The case was tried to a jury. Appellant did not put on any evidence. After the guilt-innocence phase, appellant moved for an instructed verdict, which was denied. The jury convicted appellant of the charged offense. The trial court subsequently sentenced appellant

2

to five years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

In his sole issue on appeal, appellant challenges the sufficiency of the evidence to support the jury's verdict. Appellant argues that because the evidence does not link him to the cocaine, the State did not prove the possession element of the charged offense.

## STANDARD OF REVIEW

When evaluating the legal sufficiency of the evidence, we "consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We defer to the factfinder's (1) resolution of conflicts in testimony; (2) evaluation of the credibility and weight of the evidence; and (3) responsibility to draw reasonable inferences from basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). In reviewing cases based on circumstantial evidence, we need not find that the State's evidence negated every reasonable hypothesis other than the defendant's guilt. *See Geesa v. State*, 820 S.W.2d 154, 160–61 (Tex. Crim. App. 1991), *overruled on other grounds*, *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). Our role "is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Laster*, 275 S.W.3d at 517. Accordingly, we will uphold the verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Id.* at 518.

## APPLICABLE LAW

A person commits a second-degree felony offense if he knowingly possesses with intent to deliver over one but less than four grams of cocaine. Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (c). When an accused is charged with unlawful possession of a controlled substance, the State must prove: (1) the defendant exercised actual care, custody, control, or management over the contraband and (2) the accused knew the object he possessed was contraband. *Flores v. State*, 440 S.W.3d 180, 188 (Tex. App.—Houston [14th Dist.] 2013), *judgment vacated on other grounds*, 427 S.W.3d 399 (Tex. Crim. App. 2014); *see* Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014). Possession can be established with direct or circumstantial evidence. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005). The evidence must establish, to the requisite level of confidence, that the accused's connection with the drugs was more than just fortuitous. *Id.* at 406. This is the so-called "affirmative links" rule. *Id.*

When, as here, the accused is not in exclusive possession of the place where the contraband is found, the record must contain additional facts and circumstances linking the defendant to the contraband. *Flores*, 440 S.W.3d at 188. We must consider the totality of the circumstances when determining whether the defendant is linked to the contraband. *Id.* Mere presence at the scene where contraband is found does not establish possession. *Id.* However, presence or proximity might be sufficient to establish possession when combined with other direct or circumstantial evidence—i.e., "links." *Id.* We have established a nonexhaustive list of potential links that, individually or in combination, might establish the defendant's possession of contraband:

(1) the defendant's presence when a search is conducted;

(2) whether the contraband was in plain view,

4

(3) the defendant's proximity to and the accessibility of the narcotic;

(4) whether the defendant was under the influence of narcotics when arrested;

(5) whether the defendant possessed other contraband or narcotics when arrested;

(6) whether the defendant made incriminating statements when arrested;

(7) whether the defendant attempted to flee;

(8) whether the defendant made furtive gestures;

(9) whether there was an odor of contraband;

(10) whether other contraband or drug paraphernalia were present;

(11) whether the defendant owned or had the right to possess the place where the drugs were found;

(12) whether the place where the drugs were found was enclosed;

(13) whether the defendant was found with a large amount of cash; and

(14) whether the conduct of the defendant indicated a consciousness of guilt.

*Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "The number of linking factors present is not as important as the 'logical force' they create to prove the crime was committed." *Id.* The absence of various links does not constitute evidence of innocence to be weighed against the links present. *Flores*, 440 S.W.3d at 189.

### ANALYSIS

The thrust of appellant's argument is that, under these factors, the State did not link him to the cocaine. We disagree.

Factor (1) favors a link because appellant was present when the police arrived and searched the motel room. *See Watson v. State*, 861 S.W.2d 410, 415–16 (Tex. App.—Beaumont 1993, pet. ref'd).

5

Factor (2) does not link appellant to the cocaine because the cocaine was hidden in a coat pocket. *See Flores*, 440 S.W.3d at 189.

Factor (3) favors a link. Appellant was seen in close proximity to the coat containing the cocaine and was observed moving away from the coat. The deputy saw the coat moving as appellant moved away from it towards the bathroom. The jury reasonably could have inferred that appellant was in close proximity to and could access the cocaine. *See Poindexter*, 153 S.W.3d at 409 n.24 (noting that link can be established when contraband is hidden in a place tied to the accused); *Flores*, 440 S.W.3d at 189.

Factors (4), (5), (6), (7), and (8) do not link appellant to the cocaine. The record does not show at the time of arrest that he was under the influence of any drugs; possessed other contraband or narcotics; made incriminating statements; attempted to flee; or made furtive gestures.

Factor (9) does not link appellant to the cocaine because the record does not indicate whether the contraband in this case had an odor.

Factor (10) favors a link. *See Flores*, 440 S.W.3d at 190. Herlong and Marcil saw in plain view a scale and baggies on the counter next to the sink. According to Herlong and Marcil, these items are normally associated with the narcotics trade. Additionally, Herlong observed a white powdery substance on the scale that he believed was either cocaine or methamphetamine.

Appellant contends factor (11) does not favor a link because he was merely a guest in a hotel room visiting his girlfriend. The evidence indicates, however, that Fisher and appellant were sharing the motel room. When Herlong and Marcil arrived, appellant and Fisher were not fully dressed. Fisher was wearing only a t-shirt, and appellant was wearing only boxer shorts. The children were sleeping.

6

The call received by DFPS indicated both Fisher and appellant were in the motel room together selling drugs. The jury rationally could have inferred from appellant's and Fisher's shared occupancy and state of undress at the time of Herlong's and Marcil's early-morning entry that appellant had at least a right of possession with regard to the motel room. This factor favors a link.[1] *See id.* (finding that indicators of possession support the inference of a right of possession); *Watson*, 861 S.W.2d at 415–16 (finding affirmative links to defendant even though defendant was not the registered occupant of motel room).

Factor (12), like factor (2), does not link appellant to the cocaine because the cocaine was found in an enclosed space, a coat pocket.

Factors (13) and (14) do not link appellant to the cocaine. The record contains no evidence that appellant had a large amount of money or that appellant's conduct indicated a consciousness of guilt.

In sum, upon entering the motel room shared by appellant and Fisher, Deputy Herlong observed appellant walking away from a jacket hanging on the motel-room clothes rack in the bathroom. The jacket was moving. When Deputy Herlong searched the jacket, he found a pill bottle containing a plastic baggy. The plastic baggy contained a white powdery substance that later tested positive for cocaine. Herlong and Marcil saw drug paraphernalia, a scale and plastic baggies, on the counter in plain view. From these facts, a juror rationally could have concluded that appellant had recently manipulated the moving jacket. A juror could have determined that appellant hid the pill bottle containing cocaine in the jacket pocket when Marcil and Herlong arrived. Therefore, a juror rationally could have concluded beyond a reasonable doubt that appellant exercised the requisite

---

[1] Although appellant asserts that the room was registered to Fisher, the record contains no evidence establishing the identity of the person renting the room.

7

care, custody, control, or management over the contraband and, based on the presence of other drug paraphernalia and appellant's attempt to conceal the pill bottle from Marcil and Herlong, that appellant knew the substance possessed was contraband.[2]

## CONCLUSION

Viewing the evidence in the light most favorable to the verdict, we hold that the evidence of links between appellant and the cocaine was legally sufficient to support the jury's verdict that he possessed the cocaine. We affirm the trial court's judgment.

/s/    Marc W. Brown
        Justice

Panel consists of Justices Jamison, Busby, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[2] This case is distinguishable from *Allen v. State*, 249 S.W.3d 680 (Tex. App.—Austin 2008, no pet.). There, the evidence only established that the defendant was present in an apartment in which she did not reside when cocaine was found secreted throughout the house—in a plastic bag buried in a closed dog food bag; under the kitchen sink; in a kitchen cabinet; and on a platter on top of a refrigerator. *Id.* at 694–99. The Austin Court of Appeals held that this evidence was legally insufficient to support a conviction for cocaine possession. *Id.* at 704. Here, in contrast, the evidence indicates that appellant was sharing possession of the motel room with Fisher; the cocaine was found in the pocket of a moving jacket in close proximity to appellant; the cocaine was immediately apparent when Herlong opened the pill bottle; and drug paraphernalia was seen in plain sight.

8